Filed 7/19/23  P. v. Quezada CA3

<u>NOT TO BE PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C097156 |
| Plaintiff and Respondent, | (Super. Ct. No. CR2012605) |
| v. | |
| GERMAN YOVANI QUEZADA, | |
| Defendant and Appellant. | |

Defendant German Yovani Quezada appeals the trial court's denial of his petition for resentencing under Penal Code section 1172.6.[1]/[2] Appointed counsel for defendant asks this court to conduct an independent review of the record to determine whether there

---

[1] Undesignated statutory references are to the Penal Code.

[2] Defendant filed this petition under former Penal Code section 1170.95.  The Legislature amended Penal Code section 1170.95 effective January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551).  Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.)  Although defendant filed his petition under former section 1170.95, we will refer to section 1172.6 for consistency.

1

are any arguable issues on appeal, and defendant has filed a supplemental brief. (*People v. Wende* (1979) 25 Cal.3d 436; *People v. Delgadillo* (2022) 14 Cal.5th 216.) We have considered defendant's supplemental brief, and we affirm the trial court's order.

BACKGROUND

In 2012, a jury found defendant guilty of conspiracy to commit attempted murder (§ 182, subd. (a)(1)), attempted murder (§§ 187, 664), shooting at an inhabited dwelling (§ 246), and criminal street gang activity (§ 186.22, subd. (a)). The jury also found true allegations the attempted murder was committed with premeditation and deliberation (§§ 187, subd. (a), 189, 664); the conspiracy, attempted murder, and shooting at an inhabited dwelling offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)); a principal personally discharged a firearm (§ 12022.53, subd. (e)(1)) as to the attempted murder count; defendant personally and intentionally discharged a firearm (§ 12022.5, subd. (a)) as to the conspiracy and criminal gang activity counts; and defendant carried a firearm during the commission of a gang-related crime (former § 12021.5, subd. (a)) as to all counts.

In January 2022, defendant filed a section 1172.6 petition for resentencing. In the petition, defendant alleged he was convicted of attempted murder under the natural and probable consequences doctrine and could not be so convicted today. The trial court appointed counsel and received briefing from the parties. The trial court later granted a *Faretta*[3] motion and allowed defendant to represent himself. While the petition was pending, defendant filed a motion to dismiss his firearm enhancements under amendments made to sections 12022.5 and 12022.53, which now allow the dismissal of such enhancements at the time of resentencing.

At the hearing on the petition, the trial court noted a successful petition under section 1172.6 was a prerequisite to the firearm enhancement motion because the

---

[3] *Faretta v. California* (1975) 422 U.S. 806.

2

enhancements would only be at issue if defendant received a resentencing. The trial court explained the jury instructions made clear defendant was convicted of deliberate and premeditated attempted murder and that defendant was not convicted under the natural and probable consequences doctrine. The trial court denied the petition, accordingly.

Defendant timely appealed.

DISCUSSION

Defendant's appointed counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief, and he has done so.

Our Supreme Court has considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded such procedures are not required. (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) Our Supreme Court laid out applicable procedures for such cases saying, if the defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id*. at p. 232.)

In his supplemental brief, defendant challenges his firearm enhancements, stating he currently has a separate case pending in federal court on this issue. He also claims his attorney should have noted this fact.

To the extent defendant is arguing he received ineffective assistance of counsel, defendant entered a *Faretta* waiver and represented himself before the trial court. He thus cannot complain he received ineffective assistance of counsel. (*Faretta v. California, supra*, 422 U.S. at p. 834, fn. 46 [a defendant who elects to represent himself

3

cannot thereafter complain that the quality of his own defense amounted to a denial of "effective assistance of counsel"].)

Defendant also reiterates the argument he made before the trial court as to his firearm enhancements, where he argued that statutory amendments have given trial courts the discretion to strike the enhancements at resentencing. As the trial court noted, however, defendant would not be eligible for any such resentencing unless his section 1172.6 petition was successful. Defendant is not eligible for such resentencing because his jury was not instructed on any theory under the natural and probable consequences doctrine, and the jury found the attempted murder was willful, deliberate, and premeditated. He thus was not convicted under a theory of imputed malice, as required to obtain a resentencing hearing under section 1172.6. The trial court was correct that it did not need to consider exercising its discretion to strike the firearm enhancements because defendant was not eligible for resentencing.

DISPOSITION

The trial court's order denying the petition is affirmed.

                                                /s/
                                              HORST, J.*

We concur:

      /s/
EARL, P. J.

      /s/
DUARTE, J.

---

\* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.